UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JAMES THOMAS, :
                Plaintiff, :
v. : **OPINION AND ORDER**
                 :
DOCTOR JANICE WOLF and OFFICER : 18 CV 6305 (VB)
BENNETT, Nurse Administrator at Sullivan :
Correctional Facility, :
                Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff James Thomas, proceeding pro se and in forma pauperis, brings claims under 42 U.S.C. § 1983 against defendants Dr. Janice Wolf and Officer Bennett, a nurse administrator, who are employed at Sullivan Correctional Facility ("Sullivan"), alleging defendants were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.

Before the Court is defendants' motion to dismiss the third amended complaint (Doc. #19-1 ("TAC"))[1] pursuant to Rule 12(b)(6). (Doc. #28).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of deciding the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the TAC and draws all reasonable inferences in plaintiff's favor, as set forth below.

---

[1] Plaintiff titled this pleading "Second Amended Complaint," but it is in fact the third amended complaint (and the fourth operative complaint in this action).

First, a note about the procedural posture of this case: plaintiff initially commenced this action in this Court in January 2017, against officials from both Sullivan and Wende Correctional Facility ("Wende"), although plaintiff did not bring claims against Wolf and Bennett, the defendants in the instant action. After dismissing claims against the Sullivan defendants, the Court transferred the case to the United States District Court for Western District of New York to proceed against the Wende defendants. (Doc. #5). Plaintiff amended his complaint three times while the action was pending in the Western District and named Dr. Wolf and Officer Bennett as defendants. (Docs. ##7, 12, 16). Ultimately, the Western District dismissed plaintiff's claims against the Wende officials, declined to exercise jurisdiction over plaintiff's state law claims, and transferred the case back to the Southern District to proceed against Wolf and Bennett. (Doc. #17).

In the instant TAC, plaintiff alleges Wolf and Bennett were deliberately indifferent to plaintiff's serious medical needs after his June 15, 2016, spinal surgery at Westchester Medical Center. According to plaintiff, his treatment upon his return to Sullivan did not follow his specialists' recommendations and did not adequately manage his pain. Specifically, plaintiff alleges he was given only over-the-counter ibuprofen and muscle relaxers instead of medications the surgeon and neurologist prescribed.

Plaintiff alleges that despite informing the Sullivan medical staff that he was in pain, he received only four weekly physical therapy sessions. After completing these sessions, plaintiff allegedly informed Dr. Wolf that he was in "excruciating pain," and that the ibuprofen was ineffective and upset his stomach. (TAC ¶ 35). In response, plaintiff alleges Dr. Wolf stopped all medications. During a later examination, after plaintiff's medication was restarted by another

doctor,[2] plaintiff again reported to Dr. Wolf his medication was ineffective. Plaintiff alleges Dr. Wolf told him, "if you don't take the ibuprofen, then you won't get nothing." (Id. ¶ 36).

**DISCUSSION**

I.  Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

---

[2]  In plaintiff's opposition, he claims another doctor prescribed plaintiff medication after Dr. Wolf stopped plaintiff's medication. (Doc. #30). A court may consider facts alleged for the first time in a pro se plaintiff's opposition to a motion to dismiss. See Elliott v. Nestle Waters N. Am. Inc., 2014 WL 1795297, at *7 (S.D.N.Y. May 6, 2014). Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

3

The Court must liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges a civil rights violation. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II. Officer Bennett

Defendants argue plaintiff's claims against Officer Bennett should be dismissed for failure to allege Bennett's personal involvement.

The Court agrees.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). A defendant may not be held liable under Section 1983 because that defendant employs or supervises someone who violated the plaintiff's rights. Ashcroft v. Iqbal, 556 U.S. at 676. To establish a supervisor's personal involvement, a plaintiff must show that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Grullon v. City of New Haven, 720 F.3d at 139 (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995)).[3]

Plaintiff broadly alleges Officer Bennett is responsible "for [the] medical care of incarcerated people," the "provision of emergency medical care," and "the supervision of medical staff." (TAC ¶ 6). Plaintiff, however, does not allege Bennett ever treated or refused to treat him. Nor does plaintiff claim his alleged constitutional violation arose from Bennett's improper supervision of her subordinates. The TAC contains no allegation that Bennett was grossly negligent in her supervisory duties, failed to remedy any constitutional violation, or failed to act on information that constitutional violations had occurred.

In fact, plaintiff's only specific allegation against Bennett is "for lying on documents to the superintendent from July 2016 through April 2017 and for participating and denying plaintiff his right to be free from pain." (TAC ¶ 6). Not only does plaintiff fail to provide any details about what Bennett allegedly lied about, but he also does not indicate how the alleged lies are connected to his treatment and complaints of ineffective pain medication. Thus, plaintiff fails to plausibly allege Bennett's personal involvement in the alleged constitutional violation.

Accordingly, plaintiff's claim against Bennett is dismissed.

III.     Dr. Wolf

Defendants argue plaintiff fails to state an Eighth Amendment claim against Dr. Wolf for deliberate indifference to plaintiff's serious medical needs.

The Court agrees.

---

[3]     The Second Circuit has noted, without deciding, that the five types of liability articulated in Colon v. Coughlin may not all have survived the Supreme Court's holding in Ashcroft v. Iqbal. Grullon v. City of New Haven, 720 F.3d at 139. The Court need not decide this issue for plaintiff did not adequately plead Officer Bennett's personal involvement under any Colon factor.

5

To assert a claim for constitutionally inadequate medical care under the Eighth Amendment's ban against cruel and unusual punishment, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). This test has both an objective and a subjective component: plaintiff must plead facts showing (i) the alleged deprivation of medical care is "sufficiently serious," and (ii) the officials in question acted "with a sufficiently culpable state of mind." Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006).

The objective component has two subparts. "The first inquiry is whether the prisoner was actually deprived of adequate medical care," keeping in mind that only "reasonable care" is required. Salahuddin v. Goord, 467 F.3d at 279 (citing Farmer v. Brennan, 511 U.S. 825, 839–40 (1970)). "Second, the objective test asks whether the inadequacy in medical care is sufficiently serious" by examining "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." Id. at 280 (citing Helling v. McKinney, 509 U.S. 25, 32–33 (1993)). "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance v. Armstrong, 143 F.3d 698, 698 (2d Cir. 1998); see also Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001). Moreover, "[t]he decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs." Rush v. Fischer, 923 F. Supp. 2d 545, 555 (S.D.N.Y. 2013), aff'd sub nom. Rush v. Canfield, 649 F. App'x 70 (2d Cir. 2016) (summary order).

6

The subjective component requires alleging that the defendant was aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of serious harm. Salahuddin v. Goord, 467 F.3d at 280. It is well established that "negligence, even if it constitutes medical malpractice, does not, without more," satisfy the subjective component. Chance v. Armstrong, 143 F.3d at 703.

Plaintiff fails to satisfy either the objective or subjective component. As to the objective component, plaintiff alleges his pain medication was ineffective and physical therapy as a treatment was inadequate. Neither plaintiff's preference for stronger pain medication nor his disagreement with physical therapy implicates the Eighth Amendment. Veloz v. New York, 339 F. Supp. 2d 505, 525 (S.D.N.Y. 2004) (finding plaintiff's "allegation is essentially a disagreement with his medical providers' decision not to prescribe stronger pain medication than Tylenol" and thus does not implicate the Eighth Amendment); Chance v. Armstrong, 143 F.3d at 698 (disagreement over the proper treatment does not create a constitutional claim).

Furthermore, even if plaintiff's allegations satisfied the objective prong, he fails to allege facts suggesting Dr. Wolf consciously disregarded a risk of serious harm to plaintiff's health.

Accordingly, plaintiff's claim against Dr. Wolf is dismissed.

IV. Official Capacity Claims

Because plaintiff only seeks money damages against defendants, plaintiff's claims against defendants in their official capacities are barred by the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159, 169–70 (1985) (noting the Eleventh Amendment bars a damages action against state officials sued in their official capacity); see also Rose v. Garritt, 2018 WL 443752, at *10 (S.D.N.Y. Jan. 16, 2018).

Accordingly, the claims against Wolf and Bennett in their official capacities are dismissed.

V.   State Law Claims

Having dismissed plaintiff's federal claims, there are no longer any claims remaining over which the Court has original jurisdiction. In an exercise of its discretion, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). Plaintiff's state law claims are dismissed without prejudice.

VI.   Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citations omitted). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

However, leave to amend may "properly be denied for . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)) (internal quotations omitted). This is true even when a plaintiff is proceeding pro se. Terry v. Incorporated Village of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016) (citing Cuoco v. Moritsugu, 222 F.3d at 112).

This is plaintiff's fourth operative complaint. In his attempts to amend his complaint, he failed to remedy its deficiencies. Allowing plaintiff a fifth opportunity to plead his claims would unduly prejudice the defendants. Accordingly, the Court denies plaintiff leave to amend his TAC.

**CONCLUSION**

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #28) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: April 15, 2019
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge